# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SAYONARA N. DAVIS,<br>        Appellant,<br><br>            v.<br><br>OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>        Agency. | DOCKET NUMBER<br>DE-0841-15-0517-I-1<br><br><br>DATE: March 24, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sayonara N. Davis</u>, Denver, Colorado, pro se.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) that denied her request for retirement credit for certain periods of civilian service.  Generally, we grant petitions such as this one only when:  the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    On February 24, 2015, the appellant, an employee of the Department of the Air Force, filed with OPM an Application to Make Service Credit Payment under the Federal Employees' Retirement System (FERS) for periods of civilian service she performed under temporary appointments with various agencies. Initial Appeal File (IAF), Tab 6 at 6-10. In a July 10, 2015 final decision, OPM denied her request as to the post-January 1, 1989 service on the basis that, as it was performed under temporary appointments, no deductions were withheld from the appellant's salary, and the law does not permit her to pay a deposit to receive credit for that service. *Id.* at 4.

¶3    On appeal, the appellant challenged OPM's decision and claimed that she needed the additional 2 years of service to be able to take advantage of her employing agency's VERA/VSIP[2] opportunity. IAF, Tab 2 at 4. She requested a hearing. *Id.* at 2.

¶4    After holding the requested hearing, the administrative judge issued an initial decision affirming OPM's decision. IAF, Tab 12, Initial Decision at 1, 3.

---

[2] Voluntary Early Retirement Authority/Voluntary Separation Incentive Program.

The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 4.

¶5 An employee is entitled to credit under FERS for civilian service performed after December 31, 1986, which is covered service and for which deductions required under 5 U.S.C. § 8422(a) have not been refunded, and for service performed before 1989.  5 U.S.C. § 8411(b); 5 C.F.R. § 842.304(a)(1), (2).  The record does not show, nor does the appellant suggest, that the service she performed on or after January 31, 1989, was other than nondeduction service. IAF, Tab 6 at 6, 8, 10, Tab 2 at 4.  Such service is not creditable for any purpose and no provision of law or regulation permits a deposit for such service.  *See Mukherjee v. Office of Personnel Management*, 48 M.S.P.R. 640 (1991). Therefore, we find that the administrative judge correctly found that the appellant cannot make a deposit to receive credit for this service.

¶6 Although the appellant urges a different result on petition for review, she has not offered any legal argument for her claimed entitlement to service credit; moreover, she does not contend that the statutes and regulations upon which OPM and the administrative judge relied are inapplicable.  PFR File, Tab 1 at 4.  The appellant's claim regarding actions by her employing agency that she perceives as unfair, *id.*, is raised for the first time on review.  In the absence of a showing that the argument is based on new and material evidence not previously available despite the appellant's due diligence, the Board will not consider it.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  Based on the above, we affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
                              William D. Spencer
                              Clerk of the Board

Washington, D.C.